## STEP-BROTHER HELD TO HAVE BEEN INCLUDED IN A DEVISE TO " BROTHERS AND SISTERS."

Common Pleas Court of Franklin County.

Barton Griffitt, Executor, v. George Wetzel et al.

Decided, January 15, 1915.

*Wills—Term "Brothers and Sisters" May Include a Step-brother—Devise to Two Sets of Heirs and to Children of Deceased Heirs Construed to Intend Distribution Per Capita and Not Per Stirpes.*

1. A devise to my legal heirs, followed by the statement that by legal heirs the testatrix meant her brothers and sisters, will be deemed to include a half-sister and a step-brother, where it appears that she had but one full sister and no brother but her half-sister and her step-brother had always been called "sister" and "brother" by her.

2. A devise of the proceeds of a certain fund to the legal heirs of the testatrix and of her husband, the child or children of such as are deceased to take the parent's share, without designating as in other items of the will the shares each set of heirs should take, will be construed to mean that the distribution should be *per capita* and not *per stirpes.*

*Barton Griffith,* for plaintiff.

*Raymund & Hedges, Ralph E. Westfall* and *J. W. Linton,* for defendants.

Evans, J.

This case is submitted on demurrer of plaintiff, and certain of the defendants, to the answer of George Frederick Hilpf.

The demurrer presents for determination by the court questions as to the construction of certain items of the last will and testament of Susanna Wetzel, deceased.

Under items four and five of said will said testatrix directed the payment of certain funds to testatrix's brothers and sisters,

while as a matter of fact said testatrix had no brothers and but one sister, but did have a step-brother, the said George Frederick Hilpf.

Plaintiff is in doubt as to whether by the expression in said will said testatrix intended to include as her brothers said defendant, Hilpf, he being a step-brother of said testatrix.

That under item four of said will plaintiff is uncertain as to whether or not testatrix intended that one-half of the fund mentioned in said item should be paid to the heirs of said testatrix and one-half to the heirs of Karl Wetzel, or whether each heir should receive an equal amount as provided in item five. That is, whether under said item four the legatees take *per capita* or *per stirpes*.

Said Hilpf is a party defendant.

The petition alleges that said Hilpf claims under the terms of said will that he is entitled to share equally with the defendant, Caroline Kessie, who is a sister of the half blood of testatrix.

The court is asked to construe said clause of said will as to are the duties of plaintiff, as executor under said will.

Certain of the defendants, Heinrich Wetzel et al, answer the petition, setting up, among other things, that they are brothers and sisters, and descendants of brothers and sisters of said Karl Wetzel, the husband of said testatrix, and set up their respective claims under said items of said will, which are and do not include said Hilpf as entitled to distribution under said will.

The defendant, George Frederick Hilpf, files his separate answer, and says, in substance, that the deceased testatrix, Susanna Wetzel, was a step-sister of this defendant, and that Caroline Kessie is a half-sister to both Susanna Wetzel and this defendant; that defendant's father, Frederick Hilpf, was a widower with one son, this defendant; that his father intermarried with one Catherine Karr, who at the time was a widow with one child, named Susanna, plaintiff's testatrix; that a child was born of said marriage, who is the defendant, Caroline Kessie; that at the time of said marriage of his father and Caroline Karr this defendant and said Susanna Karr were very young children; that

at this time this defendant had no recollection of his own mother, nor had Susanna any recollection of her own father; that they were reared as brother and sister, both bearing the same name, that of Hilpf, and neither of them knew that they were not full brother and sister until the defendant was about fifteen years of age, when he was first told that his father's wife was his step-mother, and that Susanna was his step-sister; that thereafter they continued to live together as brother and sister until Susanna's marriage. That said Susanna was all that time known as Susanna Hilpf, and throughout her entire life this defendant was called by testatrix by the name "brother" and testatrix was called by the title of "sister," and that they were known generally among their friends, acquaintances and relatives as sustaining the relation of brother and sister, and that their relationship was as close as if they were such. Said defendant further says that testatrix never had a brother other than this defendant, and no sister other than her half-sister, Caroline Kessie; that by the term "my brothers and sisters," as used in said will she meant this defendant and said Caroline Kessie, and no other person; that testatrix was not educated, and did not speak English accurately, nor distinctly, nor understand the exact meaning and use of English words and phrases; that her attorney who drafted said will, does not speak German, and claims that her intention to make this defendant her heir was for said reasons ill-expressed in her said will. Said defendant claims that by items four and five of said will the said testatrix meant this defendant and said half-sister, Caroline Kessie, and that he is entitled to one-fourth of all the property disposed of by item four of said will, and one-fourth of all the property disposed of in third paragraph of item five of said will, and prays accordingly.

The part of item four of said will necessary to quote, provides:

"I further direct that the proceeds arising therefrom shall be paid by my said executor to my legal heirs, and to the legal heirs of my husband, Karl Wetzel. By legal heirs I mean my

brothers and sisters and the brothers and sisters of my said husband, and the child or children of such as are deceased, such child or children to take the parent's share.''

The third paragraph of item five of said will provides:

''Of the remainder of said fund, I direct my executor to pay one-half to my legal heirs, and one-half to the legal heirs of my said husband, and by legal heirs I mean my brothers and sisters and the brothers and sisters of my said husband, and the child or children of such as are deceased, such child or children to take the parent's share.''

In the construction of said will the court will look to the will itself, also, the answer of the German heirs, and the answer of said Hilpf. The demurrer is to the answer of said Hilpf, and by the demurrer the demurrants admit as true all the allegations of said answer of defendant, Hilpf, and the demurrer also searches all the pleadings.

From all the above, the court is called upon to ascertain and determine the intention of the testatrix, for her intention must control.

Taking the items of said will here in controversy, the first question for determination is whether said testatrix, by the use of the words ''brothers and sisters'' therein used by her in classifying her heirs, intended to and did mean her step-brother, the defendant, George Frederick Hilpf.

I am of the opinion, from the reasonable construction of said will itself, and from the facts pleaded in the answer of Hilpf, which facts are admitted by the demurrer, that testatrix meant and intended said step-brother, Hilpf, by the said items of her will.

True she had no brother or brothers of the blood, either by the full or the half blood. Yet, she specifically, in said items, provides and directs said executor to pay ''to my legal heirs, and the legal heirs of my husband, Karl Wetzel,'' the proceeds therein bequeathed. ''By my legal heirs, I mean my brothers

and sisters and the brothers and sisters of my said husband,''
etc.

That testatrix meant a brother or brothers in some relation
by said provision in her will is evident. She had in fact no
brother or brothers, of her blood, and never did have such, so
she would not have intended to provide for either living or
deceased brothers of the blood.

But she did leave surviving her said defendant, a step-brother.

The fact that they were step-brother and sister, and that such
relation began at childhood of both; living together with their
parents, in the relation of brother and sister, and believing
until he was fifteen years old that they were of the blood; bear-
ing the same surname; continuing to live together as brother
and sister until Susanna's marriage; and throughout her entire
life defendant was called ''brother'' by testatrix; and she called
''sister'' by said defendant, and both known among friends,
acquaintances and relatives as sustaining the relation of brother
and sister.

There is no doubt in my mind that the truth of the facts above
stated warrants the conclusion that testatrix intended and meant
by said items of her will to include said defendant, her step-
brother, as one of her heirs; and that he is the person she meant
and intended in the use of the word ''brothers'' in her said will.

Some authorities are cited by counsel. Those in point, I
think, are *Jarman, Wills,* 1637; *Sherman* v. *Angel,* 1 Bail Eq.
(S. C.), 351; *Bowers* v. *Bowers,* 1 Abb. App. Dec., 214, and other
authorities cited in the briefs.

I am of the opinion that under the third paragraph of item
five of said will that Caroline Kessie, the half-sister of said
testatrix, and the defendant, George Frederick Hilpf, the step-
brother of testatrix, are each entitled to the one-fourth part of
the proceeds provided for distribution under said item of said
will.

I am also of the opinion that defendant, George Frederick
Hilpf, is entitled to participate, as the legatee and heir meant
and intended in said item four of said will.

There is some difficulty in determining in what proportion they share in said item four, for the reason that in said item of the will the testatrix has not expressed, as she did in item five, the proportionate distribution. What was the intention of the testatrix in that regard? For her intention is what governs.

The intention of the testatrix in this respect now under inquiry must be ascertained from the will itself. She does not provide in item four that one-half of the said proceeds shall be paid to testatrix's heirs, and one-half to her deceased husband's heirs.

But she does provide in item four, "I further direct that the proceeds arising therefrom shall be paid by my said executor to my legal heirs, and to the legal heirs of my husband, Karl Wetzel," etc.

Why did she omit to provide in item four,, as she did provide in item five, that one-half was to be paid to her heirs, and one-half to her husband's heirs?

It can not be assumed that it was omitted by mistake, for in the next item, five, she divided the proceeds, each class to take one-half.

If she had intended that the proceeds in said item four should be paid one-half to each set of heirs, she certainly would have so stated in said item. That she made such provision in item five, tends rather to the conclusion that she did not intend such a division in item four, but did intend by item four that the proceeds therein bequeathed should be paid *per capita* rather than *per stirpes* to the heirs therein designated.

I am of the opinion that said heirs designated in item four were intended by said testatrix, and do, take *per capita,* and not *per stirpes,* and that each of the heirs, the heirs of executrix, and the heirs of Karl Wetzel, share equally in said proceeds for distribution under said item four. No provision in the will is necessary to bind said estate for payment of costs of administration, inheritance taxes, and other taxes, and all such must be paid by said estate before distribution to the heirs and legatees.

The demurrer of plaintiff, and of defendants joining in said demurrer, to the answer of defendant, George Frederick Hilpf, is overruled.